IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **THOMAS RICHARD SMITH**, an individual, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| **DeWALT INDUSTRIAL TOOL CO.**, : | |
| a Maryland Corporation, and : | |
| **STANLEY BLACK & DECKER, INC.**, : | |
| a Connecticut Corporation, : | |
| : | |
| Defendants. : | |

## COMPLAINT

Plaintiff, **THOMAS RICHARD SMITH**, ("Plaintiff" or "Thomas"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC**, and **WOCL LEYDON, LLC** hereby submits the following Complaint and Demand for Jury Trial against Defendant **DeWALT INDUSTRIAL TOOL CO** ("DeWalt") and **STANLEY BLACK & DECKER, INC.** ("Black & Decker") (collectively referred to as "Defendants"). alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendants design, manufacture, market, import, distribute, and sell power tools and hardware, including the subject "DeWALT 12-inch Sliding Compound Miter Saw," which specifically includes the Model Number DWS780 (hereinafter referred to as "Miter Saw(s)") that is at issue in this case.

2. On or about July 25, 2021, Thomas was in the process of cutting a post when the subject miter saw's rear guard failed to retract. As a result, the saw blade jammed and bucked back toward

1

Thomas. The fabric of his shirt got snagged in the blade, pulling him toward its teeth chest-first. As a result, Thomas sustained lacerations to his chest.

3. On or about August 4, 2022, Defendants recalled[1] more than *1.2 million* miter saws, which includes the subject miter saw, because the "rear safety guard can break or detach, posing an injury hazard due to projectiles that can strike the user and bystanders and a laceration hazard to the user who could come into direct contact with the saw blade."[2]  The recall was issued in cooperation with the Consumer Products Safety Commission (CPSC).

4. Defendants manufactured these miter saws, including the subject miter saw, with a defect that made them inherently dangerous.

5. Consequently, Plaintiff brings this case as a direct and proximate result of Defendant's wrongful misconduct pursuant to C.G.S.A. §52-572m, *et. seq*.

## THE PARTIES

6. Plaintiff is a resident and citizen of the City of Wichita, County of Sedgwick, State of Kansas.

7. Defendant DeWALT Industrial Tool Co. is a Maryland corporation with its principal place of business at 1646 Sulphur Spring Rd., Baltimore, Maryland. DeWALT manufactures, markets, and distributes products throughout the United States, including the subject miter saw.

8. Defendant Stanley Black & Decker, Inc. is a Connecticut corporation with its principal place of business at 1000 Stanley Drive, New Britain, Connecticut. Black & Decker owns

---

[1] *See* (https://www.cpsc.gov/Recalls/2022/DeWALT-Recalls-Nearly-1-4-Million-Miter-Saws-Due-to-Injury-and-Laceration-Hazards) (last accessed July 11, 2023). A copy of the Safety Recall Report is attached hereto as Exhibit A.
[2] *Id*.

DeWALT and is in the business of manufacturing, mass marketing, and distributing DeWALT Products throughout the United States.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Black & Decker is a resident and citizen of this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

11. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Connecticut and intentionally availed itself of the markets within Connecticut through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

12. Defendants design, manufacture, market, import, distribute, and sell power tools and hardware, including the subject miter saw.

13. On or about July 25, 2021, Thomas was in the process of cutting a post when the subject miter saw's rear guard failed to retract. As a result, the saw blade jammed and bucked back toward Thomas. The fabric of his shirt got snagged in the blade, pulling him toward its teeth chest-first. As a result, Thomas sustained lacerations to his chest.

14. On or about August 4, 2022, Defendants recalled[3] more than *1.2 million* miter saws, which includes the subject miter saw, because the "rear safety guard can break or detach, posing an injury

---

[3] *Id.*

hazard due to projectiles that can strike the user and bystanders and a laceration hazard to the user who could come into direct contact with the saw blade."[4]

15. The recall includes miter saws that have been manufactured since April 2019. Since that time, Defendants had received **571 reports** from consumers regarding the rear safety guard assembly (or related components) breaking or detaching, including nine reports of laceration injuries.[5]

16. Plaintiff used his Miter Saw for its intended purpose and did so in a manner that was reasonable and foreseeable by Defendants.

17. Defendants' miter saws possess defects that make them unreasonably dangerous for their intended use by consumers because of the defects in the rear safety guard.

18. Defendant knew or should have known that its miter saws possessed defects that posed a safety risk to Plaintiff and the public. Nevertheless, Defendants ignored and/or concealed its knowledge of the miter saws' defects from the general public and continued generating a substantial profit from the sale of their miter saws.

19. As a direct and proximate result of Defendants' concealment of such defects, its failure to warn consumers of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous Miter Saw, which resulted in significant and painful bodily injuries.

20. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendants' miter saw as described above, which has caused the Plaintiff to suffer f bodily injuries, medical expenses, physical pain and other damages.

---

[4] *Id*.
[5] *Id.*

## CLAIMS FOR RELIEF

### COUNT I
### CONNECTICUT PRODUCT LIABILITY ACT
### C.G.S.A. §52-572m, et seq.

21. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though set forth fully at length herein.

22. Plaintiff is a "claimant" as the term is defined by C.G.S.A. §52-572m(c).

23. At all times relevant to this action, Defendants engaged in the business of selling its miter saws for use in the States of Kansas, Connecticut, and elsewhere throughout the United States, and are therefore "product sellers" as the term is defined by C.G.S.A. §52-572m(a).

24. At all times relevant to this action, Defendants designed, assembled, fabricated, constructed, processed, packaged, and/or otherwise prepared the miter saw at issue in this case and are therefore a "manufacturers" as the term is defined by C.G.S.A. §52-572m(e).

25. At the time of Plaintiff's injuries, Defendants' Miter Saws were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

26. Defendants' miter saws were in the same or substantially similar condition as when they left Defendant's possession

27. Plaintiff did not misuse or materially alter the miter saw.

28. Defendants' conduct and omissions violated C.G.S.A. §52-572m, *et seq*, as follows:

   a. The miter saws designed, manufactured, sold, and supplied by Defendants were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

   c. Defendants failed to properly market, design, manufacture, distribute, supply, and sell the miter saws, despite having extensive knowledge that the aforementioned injuries could and did occur;

  d. Defendants failed to warn and place adequate warnings and instructions on the miter saws;

  e. Defendants failed to adequately test the miter saws;

  f. Defendants failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury posed by their miter saws; and

  g. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiffs' injuries and damages.

29. Plaintiff purchased the miter saw with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use.

30. Defendants' actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

31. Despite the fact that Defendants knew or should have known defects in the rear safety guards, Defendant continued to market its miter saws to the general public.

32. Defendant risked the safety and well-being of the consumers and users of their miter saws, including the Plaintiff to this action, while possessing the knowledge of the miter saws' safety and efficacy problems, and suppressed this knowledge from the public.

  **WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

**COUNT II**
**PUNITIVE DAMAGES**
**C.G.S.A. §52-240B**

33. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

34. The acts, conduct, and omissions of Defendant in violation of the C.G.S.A. §52-572m, *et seq.*, as alleged in this Complaint, were committed with reckless disregard for the safety of consumers, such as Plaintiff, to whom Defendants' miter saws were promoted and sold for use.

35. The recall, which includes the subject miter saw, includes miter saws that have been manufactured since April 2019. Since that time, Defendants had received **571 reports** from consumers regarding the rear safety guard assembly (or related components) breaking or detaching, including nine reports of laceration injuries.[6]

36. Despite its knowledge that the rear safety guard was defective, Defendants made a conscious decision not to redesign the product, despite the existence of an economically feasible, safer alternative design.

37. Further, despite its knowledge that the rear safety guard was defective, Defendants made a conscious decision not to adequately label, warn, or inform the unsuspecting consuming public about the dangers associated with the use of its miter saws.

38. Prior to and during the manufacturing, sale, and distribution of its miter saws, Defendants knew that said miter saws were in a defective condition as previously described herein, and knew that those who purchased and used their Miter Saws, including Plaintiff, could experience severe physical, mental, and emotional injuries.

39. Further, Defendants knew that their miter saws presented a substantial and unreasonable risk of harm to the public, including Plaintiff, and as such, Defendant unreasonably subjected consumers of said miter saws to risk of serious and permanent injury from their use.

40. Despite this knowledge, Defendants, for the purpose of enhancing their profits, knowingly and deliberately failed to remedy the known defects in their miter saws, and failed to warn the

---

[6] *Id.*

public, including Plaintiff, of the extreme risk of injury occasioned by said defects inherent in them. Defendant intentionally proceeded with the manufacturing, sale, distribution and marketing of its miter saws knowing these actions would expose consumers, such as Plaintiff, to serious danger in order to advance its pecuniary interest and monetary profits.

41. As a direct and proximate consequence of Defendants' reckless disregard for consumer safety, and the safety of Plaintiff, Plaintiff suffered injuries.

42. As a direct and proximate consequence of Defendant's reckless disregard for consumer safety, and the safety of Plaintiff, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action and interest, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendants' miter saw;

c. pre and post judgment interest at the lawful rate;

d. punitive damages as permitted by the law;

e. a trial by jury on all issues of the case; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is

applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

Dated: July 13, 2023

THE PLAINTIFF,

By /s/ *Brenden P. Leydon*
Brenden P. Leydon, Esq.
WOCL LEYDON LLC
80 Fourth Street
Stamford, CT 06905
Phone: (203) 333-3339
Fax: (203) 324-1407
Email: BLeydon@woclleydon.com
Federal Bar No.: CT16026

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (f)
akress@johnsonbecker.com

***Attorneys for Plaintiffs***